**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **SUSAN K. LEE #23243444** | § | |
| | § | |
| **V.** | § | **A-15-CA-927-RP** |
| | § | |
| **JESTER 4, JUDGE GRIZZARD, TDCJ,** | § | |
| **FBI, and THE STATE OF TEXAS** | § | |

**ORDER**

Before the Court is Plaintiff's complaint. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis. After consideration of Plaintiff's complaint, it is dismissed as frivolous.

Plaintiff is indicted in Travis County of Harassment of a Public Servant, a third degree felony, enhanced. Plaintiff is accused of causing a peace officer of the Travis County Sheriff's Department to come into contact with Plaintiff's urine while the peace officer was detaining Plaintiff at the Travis County Jail. On August 11, 2015, the judge presiding over her criminal case found Plaintiff incompetent to stand trial and ordered Plaintiff committed to a mental facility or residential care facility for a period not to exceed 120 days or until she may be sooner discharged as provided by law. *See State v. Lee*, No. D-1-DC-15-203516 (299th Judicial Dist. Court of Travis County, Texas). Plaintiff is currently confined in the Austin State Hospital.

In her complaint, Plaintiff alleges the staff at TDCJ's Jester 4 Unit in Richmond, Texas was paid for filming her naked. She alleges Judge Grizzard, a Travis County Magistrate Judge, watched

1

while Jester 4 staff filmed her.  She asserts TDCJ paid Judge Grizzard and Jester 4 to film her naked, and the FBI got paid to be in the video.  She ultimately alleges the State of Texas paid all the others to videotape her naked and to share it with each other. She sues the Jester 4 Unit, Judge Grizzard, TDCJ, the FBI, and the State of Texas.  She seeks financial compensation.

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit.  A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer.  *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. *Haines v. Kerner*, 404 U.S. 519 (1972).  However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

A court may dismiss a claim as factually frivolous only if the facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir. 1995).  Plaintiff's claims fall within this category.

Plaintiff's complaint fails for several other reasons.  First, a civil rights action cannot be maintained against a federal agency.  *FDIC v. Meyer*, 510 U.S. 471, 486 (1994).

Next, Jester 4 and the Texas Department of Criminal Justice (TDCJ) are immune under the Eleventh Amendment.  *See Talib v. Gulley*, 138 F.3d 211, 213 (5th Cir. 1998); *Littles v. Bd. of Pardons & Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995).  Being sued in his official capacity for

monetary damages, Judge Grizzard is also immune from suit under the Eleventh Amendment because such an action is the same as a suit against the sovereign. *Pennhurst State School Hosp. v. Halderman*, 465 U.S. 89 (1984).

Finally, Judge Grizzard, in his individual capacity, is entitled to absolute immunity for any acts performed as a judge. It is well settled law that a judge enjoys absolute immunity from liability for damages for judicial acts performed within his jurisdiction. *Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986). Judge Grizzard is a Travis County Magistrate Judge, who likely has been involved in one of many of Plaintiff's criminal proceedings filed in Travis County.

It is therefore ORDERED that Plaintiff's complaint be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e).

It is further ORDERED that Plaintiff is warned filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further ORDERED that Plaintiff is warned if Plaintiff files more than three actions or appeals while she is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then she will be prohibited from bringing any other actions in forma pauperis unless she is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

It is finally ORDERED that the Clerk shall e-mail a copy of this order to the Pro Se Clerk

for the United States District Court for the Eastern District of Texas.

**SIGNED** on November 2, 2015.


ROBERT L. PITMAN
UNITED STATES DISTRICT JUDGE